KIMBALL, J.
dissenting.
hi respectfully dissent from the majority because I believe petitioner has affirmatively shown that his character has been rehabilitated in the eight years since his felony conviction for vehicular homicide. See La. Sup.Ct. Rule XVII, § 5(D). At *1050 the character and fitness hearing, petitioner testified that he tried to do positive things after the accident in an effort to redeem himself. He sought counseling and participated in AA, became involved in the youth ministry at St. Peter’s Catholic Church in Covington, did volunteer work and other community service, and participated in student government and extracurricular activities at Southeastern. Petitioner has been alcohol — and drug-free since the accident, and is still actively involved with AA and attends meetings each week. Moreover, he has successfully founded two different facilities in Mande-ville and Covington for young people who are recovering alcoholics. He has been active in speaking to high school students, fraternity brothers, and GED graduates about the dangers of alcohol and his own life story. He has worked closely with several other individuals who suffer from alcoholism and has led them on the road to rehabilitation, most notably the son of the man petitioner killed in the accident. When asked to explain why he wants to be a lawyer, petitioner expressed a desire to redeem himself:
Your Honor, I am well aware of the graveness of my actions as a teenager. And they are inexcusable. And I suffer with them every day. And no matter what I note, no matter what any court says, any — I still — they come with me where ever I go. I have made it my point in life to do what I can to overcome these things and contribute back | ginto society what I have — what I’ve taken away.
I know that there is more that I can do. And I want to do that. But I know that to make up for the things that I have done, it is — it has to be done in bits. Because I cannot — I cannot in one day repay and undo and balance off what I did as a teenager. And I know that it will take — it will take my entire life to repay that and through — through doing whatever I can do for whomever I can do for.
And I intend to do that.... And that’s the only way any of this would work. Because I can’t take it back. I understand that. I cannot take back the things that I have done wrong, and I cannot take back the accident. But the only thing that I know I can do is to contribute and do what I can.
* * *
And I want — I desire to contribute in the legal profession.... I would — I would really love to have the opportunity to give people second chances and fight for their causes. As there have been people who fought for my causes.... And I want to be there for someone else who can do that. And I want to be able to do that for them....
Petitioner was consumed by remorse after the fatal accident on December 12, 1998. He accepted full responsibility for his actions and pledged to do everything he could to rehabilitate himself and become a productive member of society. Moreover, petitioner met all of the requirements of his probation. On July 25, 2003, with the support of the State, his probation officer, and the widow and son of the man killed in the accident, the district court granted petitioner’s motion for early termination of probation and for expungement of his criminal record, noting the very strong support of petitioner expressed by the victim’s family. Petitioner’s actions, including his involvement with AA coupled with his efforts to serve the community, demonstrate his rehabilitation and establish his character and fitness to practice law. Therefore, I would conditionally admit petitioner to the practice of law in Louisiana.